EDWIN MOSS AND SONS, INC. *v.* NEWMAN E. ARGRAVES, HIGHWAY COMMISSIONER

KING, MURPHY, SHEA, BORDON and RYAN, Js.

Argued June 6—decided August 1, 1961

*Dwight F. Fanton,* with whom was *William B. Rush,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom were *Milton H. Richman,* assistant attorney general, and, on the brief, *Albert L. Coles,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff owned a tract of land of 20.2 acres, located in Milford. The entire property was taken for highway purposes as of May 1, 1956. The highway commissioner, under the provisions of General Statutes § 13-145, appraised the property at $33,000 and assessed damages in that amount. On this appeal, taken pursuant to § 13-150,

the referee valued the property at $37,500 and reassessed damages accordingly. The Superior Court refused to disturb the referee's report. The plaintiff, in its reply brief, abandoned all efforts to change the referee's finding of subordinate facts.

We confine our discussion to one of the plaintiff's assignments of error which is dispositive of this appeal. This is the referee's failure to take into account, in evaluating the property, the presence of sand and gravel. The referee found that the property included about 100,000 cubic yards of sand and gravel at the date of taking and that on that date a contract between the plaintiff and Lizza and Sons, Inc., provided for the removal of all of it. Lizza and Sons, Inc., were to pay thirty cents per cubic yard for sand and gravel in the bank and to perform, without cost to the plaintiff, all the requirements as to grading and other matters which were set forth in the permit for removal issued by the town of Milford. Under these findings, the plaintiff, but for the condemnation, apparently would have received about $30,000 for the sand and gravel present on the property on the date of the taking.

The referee stated that the evidence was insufficient for him to use the factor of the sand and gravel admittedly on the premises in his valuation of the property and that he did not use it. There is nothing in the report which adequately explains why some allowance should not have been made, even though the burden was on the plaintiff to prove the amount. The references made by the referee to the transcript do not explain a refusal to allow anything for the sand and gravel. The referee found the amount of the sand and gravel and what it was bringing at the bank and that Lizza and Sons, Inc., was under contract to take it. As was ex-

plained in *Hollister* v. *Cox,* 131 Conn. 523, 526, 41 A.2d 93, the existence of sand and gravel on a piece of property should be taken into consideration as a factor in so far as it affects the market value of land. This is true even though the sand and gravel are not to be considered as merchandise to be valued separately and their value added to that which the land would have had if it had contained no sand or gravel. Ibid.

The referee followed the testimony of the witness Norman R. Benedict, who valued the land at $1850 an acre. Since there were slightly more than twenty acres, a valuation of $37,500, the figure reached by the referee, would be the approximate result. In the absence of any satisfactory explanation, and we find none, the referee's refusal, in evaluating the property, to consider the sand and gravel as a factor was erroneous, and the report should not have been accepted.

There is error, the judgment is set aside and the case is remanded with direction to reject the report and proceed thereafter according to law.